GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* MÉNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for Annulment of Contract, etc.—Motion for Dismissal.

No. 3401.—Decided December 18, 1924.

APPEAL—EXTENSION OF TIME—TRANSCRIPT—RIGHTS OF APPELLEES.—Failure to obtain an extension of time for filing the transcript of the evidence is not a delay by the stenographer, but an omission chargeable to the appellant. The stenographer, at best, and for the purposes of an appeal, is a mere agent of the appellant. The appellees have rights which can not be made to depend upon omissions of 'a stenographer, and litigation must have an end. The death or default of a stenographer might cause an appellant to fail.

ID.—ID.—ID.—Before an extension granted to the stenographer for filing the transcript of the evidence had expired and long after ten days from the filing of the notice of appeal the appellant obtained an extension of time for filing a statement of the case instead of a transcript of the evidence which, on the other hand, was never filed. *Held:* That when an appellant elects the means provided for by Act No. 27 of 1917, he can not abandon it after expiration of the time thereunder and elect to prepare a statement of the case; therefore, as the record was not filed within thirty days after the filing of the notice of appeal, the appeal was dismissed at the instance of the appellee.

The facts are stated in the opinion.

*Mr. A. García Ducós* for the appellant.

*Mr. B. Esteves* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

When an appellant for the purpose of incorporating evidence resorts to the mode permitted by Act No. 27 of 1917 and Act No. 81 of 1919, he must abide the consequences. *Mercado v. Succession of Ferreiro,* 26 P.R.R. 433; *Viera & Co. v. Reyes,* 28 P.R.R. 74; *Successors of Sanders Philippi v. Rivera,* 28 P.R.R. 901; *Martínez v. López,* 31 P.R.R. 767; *Pagán v. Pagán,* 32 P.R.R. 589; *Cruz v. Heirs of Jiménez,* 30 P.R.R. 56; *Cruz v. Heirs of Jiménez,* 30 P.R.R. 793; *Barceló v. Díaz,* 28 P.R.R. 85.

An appellant by these acts is in no way relieved either from vigilance or from prosecuting his appeal. If the time for presenting the stenographer's notes to the court is about to expire, the appellant must see to it that such time is extended. He cannot rely on the stenographer. The failure to obtain an extension is not a delay by the stenographer. It is an omission chargeable to the appellant. The stenographer, at best, for the purpose of an appeal, is the mere agent of the appellant. Any other interpretation whereby an appellant could shield himself behind the omissions of a stenographer would tend to render the Acts of 1919 and 1917 unconstitutional. Appellees have rights that cannot be made to depend on the omissions of a stenographer. Litigations must end. We have long foreseen that the death or failure of a stenographer might cause an ap-

pellant to fail. This was clearly outlined in *Mercado* v. *Ferreiro, supra.*

In this case, after various extensions, the stenographer left Aguadilla for San Juan. Stating the unavailability of the stenographer, the appellant, within the time of an extension, on June 12, 1924, presented a motion to the district court in alternative form. He asked either that the stenographer be compelled to file the transcript of the evidence or that the appellant be permitted to substitute a statement of the case for such stenographer's notes. The court, on June 12th, 1924, granted the appellant ten days within which to file a statement of the case instead of the stenographer's notes.

On June 16th, 1924, the stenographer reappeared in Aguadilla and asked for an extension to file the transcript of the evidence. The court, possibly not even realizing that it was the same case, granted the stenographer ten days to file the transcript. We have then a bifurcate spectacle. The appellant himself proposed to file a statement of the case. The stenographer proposed to go on with the preparation of the transcript.

The appellant, however, it appears, elected to file a statement of the case. This he did not do on the 22nd of June, the limit of time granted for the statement, nor yet on June 26th, the limit granted to the stenographer; but he filed it on June 30th, supposing that the court had the right to permit the filing of the statement of the case.

We agree with the appellee that June 30th was entirely without the time and that the appeal must be dismissed because the transcript of record was not filed within 30 days from the judgment. Under the law and the steady jurisprudence of this court a statement of the case must be presented within the time granted by the code or within the extension thereof. The stenographer never filed a transcript of the evidence and apparently obtained no further extension. After June 30th the statement of the case followed

the ordinary procedure of opposition and amendment, both sides intervening.

If it could be supposed that the statement of the case was filed in time, or that the appellee, by taking part in a discussion of the statement, was estopped, yet the appeal must be dismissed.

On June 12th, 1924, the court granted an extension to appellant for the purpose of filing a statement of the case. This was the first attempt at such a statement. In other words, months after the appeal taken, or on March 7th, 1924, the appellant asked to be allowed to file such a statement when this time by the code is limited to ten days. There was no invocation of section 140 of the Code of Civil Procedure, even supposing the court below had the power to act thereunder. No such motion was notified to the appellee. The appellant as we have seen, merely presented an alternative motion.

His theory, as apparently disclosed by the argument in this court, was that Acts Nos. 27 and 81 were amendments of the Code of Civil Procedure and therefore that having begun by electing to use the stenographer's notes, it was possible to switch back to the statement of the case or bill of exceptions authorized by the Code of Civil Procedure. If the Acts of 1917 and 1919 were to be considered as amendments of the Code in this regard, they were plainly unconstitutional. In *Rodríguez* v. *Porto Rico Ry., L. & Power Co.*, 30 P.R.R. 869, and in *Rodríguez* v. *P. R. Ry., L. & Power Co.*, 32 P.R.R. 386, the contention was that the Acts of 1917 and 1919 were unconstitutional as constituting amendments. This court held that the acts were not amendments, but a new and independent way of incorporating the evidence and therefore fell without the sanction of the Organic Act, section 34, paragraphs 9 and 10, forbidding the passage of acts not containing a specific reference to amendment as such in the title or body of the acts. So that when one elects to proceed by way of the stenographer's notes it

is not a branch or a part of the original way of incorporating the evidence by a statement of the case or bill of exceptions. The appellant made his election to follow the less arduous path and the stenographic notes were never completed.

The statement of the case, insisted upon by appellant, was filed too late. The stenographer's notes were never completed and the appellee is entitled to a dismissal.

Neither of the parties cited any of the foregoing jurisprudence to us, copious as it is. It seems impossible that counsel should not find it. For example, if one takes volume 30 of our reports, on page XLIX thereof there is a reference to Act No. 27 of 1917, showing that it is cited within the volume on no less than seven pages thereof, in three different cases. Similarly, the case of *Mercado* v. *Ferreiro*, 26 P.R.R. 433, is the first and leading case on the subject matter and page XXXVII of volume 30 shows that it was cited twice in the volume. By reference to the Act of the Legislature or by reference to a leading case, once known, counsel should be able to find and cite all or most of the jurisprudence of this court.

The appeal must be

*Dismissed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.